**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

|  |  |
|---|---|
| FRANK EIDEMAN RAMÍREZ VÁSQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., NOWCOM, LLC, and FIRST HELP FINANCIAL, LLC,<br><br>Defendant. | Civil Case No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Frank Eideman Ramirez Vasquez brings this action on an individual basis, against Defendants Experian Information Solutions, Inc. ("Experian"); Nowcom, LLC ("Nowcom"); and First Help Financial, LLC ("First Help"), for actual, statutory, and punitive damages, and costs and attorney's fees, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et. seq.*, arising out of the mixing Plaintiff's credit file with that of another consumer.

**PARTIES**

1.      Plaintiff is a natural person residing in Jamaica, New York, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2.      Experian is a corporation with a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626, and is authorized to do business in the State of New York, including within this District. Experian can be served through its registered agent, C T Corporation System, located at 330 North Brand Boulevard, Glendale, California 91203.

3.      Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

1

Experian is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

4.      Nowcom, LLC is a limited liability company with a principal place of business located at 4751 Wilshire Blvd., Suite 115 Los Angeles, CA 90010, and is authorized to do business in the State of New York, including within this District. Nowcom can be served through its registered agent, Eugene Leydiker located at 4751 Wilshire Blvd., Suite 100 Los Angeles, CA 90010

5.      Nowcom is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Nowcom is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

6.      First Help Financial, LLC is a limited liability company with a principal place of business located at 160 Gould Street, Suite 100 Needham, MA 02494, and is authorized to do business in the State of New York, including within this District. First Help can be served through its registered agent, Business Filings Incorporated, located at 155 Federal Street, Ste 700, Boston, MA 02110.

7.      First Help is a "Furnisher" as defined in 12 CFR 1022.41.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

2

substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

10. On September 23, 2025, Plaintiff visited a car dealership to purchase a vehicle after selling his prior car. The only vehicle Plaintiff has ever owned was a 2012 Acura MDX with approximately 100,000 miles, which he received as a gift from a friend.

11. During the financing process, Plaintiff's application for credit was denied.

12. The denial was based on "delinquency" information the dealership obtained from Plaintiff's Experian credit report dated September 23, 2025, which inaccurately reflected an auto loan account with delinquent payments that did not belong to Plaintiff.

13. Plaintiff has never applied for, opened, or been a borrower on any auto loan account since relocating to the United States.

14. Believing that he was the victim of identity theft, Plaintiff made multiple attempts to contact First Help Financial to dispute and resolve the erroneous account.

15. Despite calling every available telephone number associated with the company, Plaintiff was unable to reach a live representative. Instead, he was repeatedly placed on extended holds or routed through automated systems and received no meaningful assistance.

16. In furnishing a report to the dealer, Experian unreasonably mixed Plaintiff's file with that of another consumer.

17. Defendant Nowcom, too, reported that information to Plaintiff's dealer despite seeing that Trans Union and Equifax had not made that mix.  Nowcom did so because its reports are generated instantly without any reasonable review to check whether one of the bureaus has mixed up a consumer.  Nowcom makes the affirmative choice not to employ such a procedure because it hurts profits and is more simple to simply litigate or fight claims when it happens.

Nowcom knows that sometimes one of the bureaus issues a "mixed" or "merged" report that includes information from two distinct consumers. Nowcom does not have procedures to avoid parroting those mixes even when, as here, the other bureaus' reports suffice to clearly show Nowcom which accounts belong to whom.

**Plaintiff's Mixed Credit File as of September 24, 2025**

18.     On September 24, 2025, Plaintiff viewed a copy of his credit file from Defendant Experian.

19.     Upon reviewing the contents of the Experian credit file, Plaintiff was confused by the appearance of several pieces of information that did not belong to Plaintiff at all.

20.     Specifically, Defendant was reporting a delinquent "First Help Financial" account which did not belong to Plaintiff (the "Disputed First Help Financial Account").

21.     Further, Defendants Experian and Nowcom were reporting the following information which did not belong to Plaintiff:

(a)     Names: Francisco Antonio Ramírez Estrada and Francisco Ramirez

(b)     Telephone Number: 516-591-1350

(c)     Address: 654 Westminster Rd, North Baldwin, NY 11510-1039

22.     Plaintiff's name, address, and information are in fact quite different, only sharing the extremely common "Ramirez" as part of the name.

23.     Further, Defendants Experian and Nowcom were also reporting the following account inquiry, with whom Plaintiff did not have a relationship:

(a)     XACTUSAVANTUS / Rocket Mortgage, August 6, 2024

24.     Plaintiff did not apply for credit with the aforementioned entity and did not have a relationship with the aforementioned entity. Experian did not have a permissible purpose for

furnishing information about Plaintiff to the above-referenced entities on the above-referenced date.

25. Upon information and belief, the above-referenced inquiry was initiated by a credit application submitted by an unrelated consumer.

26. As Plaintiff had not authorized the above-referenced entity to request Plaintiff's credit report from Defendant  Experian on the above-referenced date in 2024, nor did Plaintiff enter into any business transaction or relationship which otherwise may have provided a basis for the entity securing a copy of Plaintiff's credit report from Defendant, Defendant Experian disclosed information about Plaintiff to the above-referenced entity without a permissible purpose and in violation of 15 U.S.C. § 1681b(a).

**Plaintiff's October 2025 Dispute to Defendant**

27. On or about October 16, 2025, worried that something was very wrong with his credit file, Plaintiff sent a dispute letter to Defendant Experian, via certified mail, and disputed the inaccuracies.

28. Specifically, Plaintiff disputed the First Help Financial account along with the personal information and credit inquiry that did not belong to him.

29. Along with his dispute letter, Plaintiff enclosed a copy of his New York City Identification Card and social security card.

30. Plaintiff requested that Defendant Experian reinvestigate the disputed information, correct the reporting, and send him a corrected copy of his credit report.

**Defendant Experian's Unreasonable Dispute Reinvestigation**

31. On October 20, 2025, Defendant Experian received Plaintiff's dispute and request that the inaccurate information be removed from his credit file.

32.    Defendant Experian may have sent to Defendant First Help Financial an ACDV pursuant to Plaintiff's October 2025 dispute to Defendant Experian.

33.    If so, Defendant First Help Financial received Defendant Experian's ACDV and failed to adequately investigate Plaintiff's dispute.

34.    On October 30, 2025, Defendant Experian issued dispute results to Plaintiff wherein it communicated that the disputed telephone number was deleted before the dispute

35.    However, the disputed names, address, inquiry and the First Help Financial Account remained on the report.

36.    On November 25, 2025, Plaintiff obtained an updated Experian credit report, which confirmed that the disputed First Help Financial account, as well as the disputed names, address, and inquiry, remained reported.

37.    The account was not marked as disputed, in violation of the FCRA.

38.    Experian apparently performed no investigation whatsoever.

39.    Defendant Experian failed to adequately review all of the information provided to it by Plaintiff.

40.    Defendant Experian failed to reinvestigate Plaintiff's October 2025 dispute and failed to remove the disputed information.

41.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the credit information it published and maintained concerning Plaintiff.

42.    Defendant Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Plaintiff's October 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed

6

information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Plaintiff's December 2025 Dispute to Defendant**

43.     On December 3, 2025, Plaintiff sent a second dispute letter to Defendant Experian, via certified mail, and again disputed the inaccuracies.

44.     Specifically, Plaintiff disputed the First Help Financial account, names, address and credit inquiry information that did not belong to him.

45.     Along with his dispute letter, Plaintiff enclosed a copy of his New York City Identification Carda and social security card, to better assist Defendant in identifying him in their systems.

46.     Plaintiff requested that Defendant Experian reinvestigate the disputed information, correct the reporting, and send him a corrected copy of his credit report.

**Defendant Experian's Unreasonable Dispute Reinvestigation**

47.     On December 8, 2024, Defendant Experian received Plaintiff's dispute and request that the inaccurate information be removed from his credit file.

48.     This time, Defendant Experian sent to Defendant First Help Financial an ACDV pursuant to Plaintiff's December 2025 dispute to Defendant Experian.

49.     Defendant First Help Financial received Defendant Experian's ACDV and failed to adequately investigate Plaintiff's dispute.

50.     On January 7, 2025, Defendant Experian issued dispute results to Plaintiff wherein it communicated that the Disputed First Help Financial Account was updated. Meanwhile, the disputed names, address and credit inquiry remained on Plaintiff's report.

51.     On January 9, 2025, Plaintiff obtained an updated Experian credit report, which confirmed that the disputed First Help Financial account, as well as the disputed name, Francisco

7

A. Ramirez Estrada, address, and credit inquiry, remained reported.

52.     Defendant Experian failed to adequately review all of the information provided to it by Plaintiff.

53.     Defendant Experian failed to reinvestigate Plaintiff's December 2025 dispute and failed to remove the disputed information.

54.     Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the credit information it published and maintained concerning Plaintiff.

55.     Defendant Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Plaintiff's December 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Defendant First Help Financial's Unreasonable Dispute Investigation January 2025**

56.     Upon information and belief, Defendant First Help Financial failed to adequately review all of the information provided to it by Plaintiff.

57.     Upon information and belief, Defendant First Help Financial verified the Disputed First Help Financial Account as accurate in response to Defendant Experian's ACDV.

58.     Defendant First Help Financial violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the disputed information did not belong to Plaintiff.

**<u>PLAINTIFF'S DAMAGES</u>**

59.     Upon information and belief, because Defendant Experian continues to mix

Plaintiff's credit file with that of the unrelated consumer, Defendant Experian continues to sell Plaintiff's credit file in response to applications and inquiries pertaining to the unrelated consumer.

60. As a result of the "mixed file," Defendant Experian made it practically impossible for Plaintiff to obtain credit.

61. On September 23, 2025, Plaintiff was denied the ability to access an auto lease or financing at BQ Auto Group Inc.

62. The reasons for the denial included that the delinquency was too recent or the timing was unknown, multiple accounts with delinquencies, too few accounts were currently paid as agreed, and serious delinquency on Plaintiff's Nowcom and Experian reports. This directly implicated the Disputed First Help Financial account that had been falsely reported by Experian and Nowcom.

63. Thereafter, on October 14, 2025, Plaintiff was also denied credit when he applied for both a Macy's American Express Card and a Macy's Credit Card. Those denials were likewise based on information obtained from Experian and cited serious delinquency, a high balance to limit ratio on revolving accounts, the number of accounts with delinquencies, and too few accounts currently paid as agreed.

64. Plaintiff applied for a vehicle loan in 2025 because he needed reliable transportation for his everyday life. Despite disputing the inaccuracies on his credit report on two separate occasions, Defendant Experian continued to report the incorrect First Help Financial account, along with another individual's name and address. These continued inaccuracies directly caused Plaintiff to lose the opportunity to purchase a vehicle.

65. As a result, Plaintiff's ability to manage ordinary daily responsibilities has been significantly impaired, including transporting his 12-year-old child to school and medical

9

appointments and fulfilling other essential family obligations. Plaintiff remains without reliable transportation due to the continued reporting of inaccurate credit information.

66.     The ongoing inaccurate reporting has caused Plaintiff financial harm, emotional distress, stress, anxiety, and frustration. This has affected Plaintiff's work, family life, and daily activities.

67.     Due to Defendants' ardent refusals to comply with their respective obligations pursuant to the FCRA, Plaintiff's own credit applications, including but not limited to BQ Auto Group Inc and Macy's were frustrated.

68.     After disputes, Plaintiff remained in the market for a car but was unable to pursue it due to the false reporting.  Plaintiff could not even qualify for a reasonable credit card.

69.     At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

70.     At all times pertinent hereto, Defendants' conduct, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

71.     Defendants are aware of the shortcomings of their respective procedures and intentionally choose not to comply with the FCRA to lower their costs.  Accordingly, Defendants' violations of the FCRA are willful.

72.     As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of his right to keep his private financial information confidential; the loss of his right to information about who was viewing his private financial information and how his private financial information was improperly implicated in the credit

10

applications of another; damage by loss of credit; loss of ability to purchase and benefit from his credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

73. Defendant Experian is aware that its credit reporting system can and does result in the mixing of consumer credit files, commonly known as the "mixed file" problem. Defendant Experian's matching algorithms and database rules improperly associate and merge credit information from different individuals, leading to inaccurate credit reports, many times each year. These errors not only misrepresent consumers' financial histories but also expose personal and financial information to unauthorized third parties, creating risks of identity theft, privacy violations, and unjust credit denials. Despite knowledge of these effects, Defendant Experian's algorithms and procedures continue to allow and cause consumers' files to be inappropriately merged, interfering with their ability to access credit, employment, housing, and insurance.

74. Defendant Experian has long been aware of the mixed file issue, as evidenced by federal enforcement actions and litigation spanning decades, including lawsuits brought by the Federal Trade Commission, state Attorneys General, and many private consumers. Defendant Experian has previously entered into agreements and consent decrees mandating corrective action, and Defendant Experian has been penalized with punitive damages awards in private actions. Yet, mixed files persist.

## CLAIMS FOR RELIEF
### COUNT I
### 15 U.S.C. § 1681e(b)
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
(First Claim for Relief Against Defendant Experian and Nowcom)**

75.    Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

76.    The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

77.    On at least one occasion, Defendants Experian and Nowcom prepared patently false and obviously mixed consumer reports concerning Plaintiff.

78.    Defendants Experian and Nowcom mixed another consumer's personal and credit account information into Plaintiff's credit file, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

79.    Defendants Experian and Nowcom violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

80.    As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages.

81.    Defendants Experian and Nowcom's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

82.    Plaintiff is entitled to recover attorneys' fees and costs from Defendants in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
### 15 U.S.C. § 1681i
### Failure to Perform a Reasonable Reinvestigation
### (Second Claim for Relief Against Defendant Experian and Nowcom)

83.    Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

84.    The FCRA mandates that Defendants Experian and Nowcom conduct a reasonable reinvestigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1).  The FCRA imposes a 30-day time limit for the completion of such an investigation. *Id*.

85.    The FCRA provides that if Defendant Experian conducts its reinvestigation of disputed information and confirms that the information is, in fact, inaccurate or it is unable to otherwise verify the accuracy of the disputed information, it is required to delete the item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

86.    As a reseller, Nowcom must also investigate whether the inaccuracy occurred as a result of its own act or omission.

87.    Plaintiff initiated disputes with Defendant Experian and disputed inaccurate information reporting in his credit file and requested that Defendant Experian correct and/or delete the inaccurate, misleading, and highly damaging information belonging to an unrelated consumer.

88.    Defendant Experian conducted virtually no investigation of Plaintiff's dispute, or such investigation was so shoddy as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

13

89.     Plaintiff expended resources in the form of time, money, and effort to dispute the inaccurate information with Defendant Experian, to no avail.

90.     Defendant Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which it received notice of Plaintiff's dispute; and by failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's credit files.

91.     Meanwhile, the mixed report was published as a result of Nowcom failing to have any procedures to review whether a file was mixed even where there are obvious indicia such as false names and information on Equifax and Trans Union reports proving that the file is mixed and another consumer's information is being reported by Experian.

92.     Plaintiff's difficulty or inability to obtain a vehicle or reasonable auto loan is ongoing due to Defendants' false reporting and violations.

93.     Even though the mix occurred as a result of Nowcom's omission of such review and procedures and affirmative act to mix the reports as a result of that lack of procedures, Nowcom did not investigate or correct the report.

94.     As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages.

95.     Defendants Experian and Nowcom's' conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

96.     Plaintiff is entitled to recover attorneys' fees and costs from Defendants Experian

14

and Nowcom in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III
### 15 U.S.C. § 1681b(a)
### Furnishing a Credit Report Without a Permissible Purpose
### (Third Claim for Relief Against Defendant Experian)

97.     Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

98.     This action involves the willful, knowing, and/or negligent violation of the FCRA relating to the dissemination of consumer credit and other financial information.

99.     Plaintiff is a "consumer" as defined by the FCRA.

100.    Defendant Experian is a consumer reporting agency that furnishes consumer reports as defined and contemplated by the FCRA.

101.    The FCRA prohibits any consumer reporting agency from furnishing a consumer report unless it has a permissible purpose enumerated under the FCRA, 15 U.S.C. § 1681b(a).

102.    On multiple occasions, Defendant Experian furnished Plaintiff's credit report to various entities without a permissible purpose in response to credit applications of another, which did not involve Plaintiff, and which Defendant Experian therefore had no reason to believe that those various credit-issuing entities intended to use Plaintiff's credit information in connection with a credit transaction involving Plaintiff, in violation of 15 U.S.C. § 1681b(a).

103.    Defendant Experian violated 15 U.S.C. § 1681b(a) by selling Plaintiff's credit report to third parties, whom did not have a permissible purpose to Plaintiff's credit report, in relation to the credit application of an unrelated consumer.

104.    As a result of Defendant Experian's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of his right to keep his private financial information

15

confidential; the loss his right to information about who was viewing his private financial information and how his private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from his credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

105.    Defendant Experian's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

106.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT IV**
**15 U.S.C. § 1681s-2b**
**Failure to Conduct an Investigation of the Disputed Information and Review of all
Relevant Information Provided by the Consumer
(First Claim for Relief Against Defendant First Help Financial)**

107.    Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

108.    Defendant First Help Financial refused to remove information that belonged to another consumer – namely the First Help Financial account.

109.    Defendant First Help Financial violated 15 U.S.C. § 1681s-2(b) by failing to

16

investigate Plaintiff's dispute(s), or otherwise by failing to fully and properly investigate Plaintiff's dispute(s), including but not limited to failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Defendant Experian; and, by failing to cease furnishing inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Defendant Experian.

110.     As a result of Defendant First Help Financial's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, loss of credit; loss of ability to purchase and benefit from his credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiry, mixed into Plaintiff's credit file.

111.     Defendant First Help Financial's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant First Help Financial was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

112.     Plaintiff is entitled to recover attorneys' fees and costs from Defendant First Help Financial in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and

17

awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: April 16, 2026

*/s/ Noah Kane*
Noah Kane, NY Bar # 6009682
CONSUMER ATTORNEYS
68-29 Main Street
Flushing, NY 11367
T: (518) 375-3963
F: (718) 247-8020
E: nkane@consumerattorneys.com

*Attorneys for Plaintiff*
*Frank Eideman Ramirez Vasquez*

18